# Hill, Appellant, *v.* Standard Telephone Manufacturing Company.

*Corporations—Directors—Preference of directors' claims—Trust and trustees.*

The directors of an insolvent corporation to whom the whole property of the corporation has been transferred in partial payment of advancements made to the corporation in good faith, hold such property in trust for the benefit of the creditors of the corporation.

If the property at the time of the transfer was appraised and the directors have kept it and used it for several years, they must account for the amount of such appraisement and not for a smaller sum actually realized from a subsequent sale of the property.

In the distribution such directors are entitled to participate pro rata with

the other creditors if it appears that what they did in the matter of the preference to themselves was done openly and without bad faith.

Argued March 30, 1904. Cross appeals, Nos. 57 and 62, Jan. T., 1904, by plaintiff and defendants, from decree of C. P. No. 4, Phila. Co., Dec. T., 1897, No. 522, in equity in case of Myron F. Hill v. Standard Telephone Manufacturing Company and George F. Payne and Charles G. Wetter trading as George F. Payne & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Bill in equity for an account. See 198 Pa. 446.

From the record it appeared that the bill was filed to compel George F. Payne and Charles G. Wetter, who had been directors of the Standard Telephone Manufacturing Company, to account for property received by them from the company in part payment of the company's debt to them.

Other facts appear by the opinion of WILLSON, P. J., which was as follows:

By the decree of this court made on July 2, 1900, and affirmed by the Supreme Court, George F. Payne and Charles G. Wetter, who were copartners trading under the name of George F. Payne & Company, were found to be trustees of certain property which had belonged to the Standard Telephone Manufacturing Company.

On June 16, 1901, the said trustees filed an account or statement, setting forth the items of the property of which they had been declared to be trustees. They also stated in the same that they were unable to fix the market value of the property, and asked the court to determine what disposition should be made thereof, and that they should be allowed such commissions and expenses as the court should deem proper.

This account was referred to an auditor, who made a report, which was subsequently, upon exceptions, sent back to him for a fuller exposition of the case. The auditor, in his supplemental report, made no change in his findings or conclusions, but certain exceptions, which had been filed to the original report, were not renewed, and we understand that they were, in effect, withdrawn. At any rate, they were not pressed upon our consideration at the argument. The exceptions just re-

ferred to are those which related to the claim of the plaintiff
Hill, as it was allowed by the auditor.

There remain, therefore, for us to consider only two ques-
tions, which are covered respectively by exceptions filed on be-
half of Payne and Wetter, and of the plaintiff Hill.

The first of these is whether or not the auditor was correct
in treating the sum of $24,662.21 named in the decree, before
recited, as the sum for which the trustees were responsible, and
in making a distribution of that sum accordingly.

The second question is whether or not the auditor was cor-
rect in allowing Payne and Wetter to share pro rata, as credit-
ors, in the distribution of the balance which was reached after
charging them with the sum of $24,662.21, and deducting the
costs and the expenses of the audit.

Upon the first of these questions we think that the report of
the auditor must be sustained.

Payne and Wetter were declared by the decree of this court,
and by the Supreme Court, 198 Pa. 446, to be trustees because
they took the property by way of an unlawful preference on
account of the claim which they had against the company.
The property had been appraised by a committee of stock-
holders at the sum of $24,662.21, and it was transferred by the
company to Payne and Wetter at this valuation in payment
pro tanto of the debt due by the company to them.

This transaction was about January 1, 1898. It was three
years later when the litigation, which arose in consequence of
what had taken place, fixed the liability of the trustees. They
then filed the account which is now before us. Meanwhile the
property remained in their possession until it was finally sold
for a smaller amount than the valuation at which it was taken
by Payne and Wetter.

There was no testimony produced or offered before the
auditor to show that the valuation arrived at by appraisement,
and accepted by the trustees when they took the same in their
individual capacity in partial payment of their claim against
the company, was not fair and just.

They held on to the property, making such use of it as they
saw fit, and resisting all efforts on the part of the plaintiff to
make it subject to his claim as a creditor of the company until
presumably the value of the same was materially affected and

diminished.   However honest they may have been in their contention, the effect was, in all probability, disastrous in its consequences upon the market value of that for which they were accountable, and it would seem to be inequitable to visit such a result upon the innocent creditor, whose activity was finally rewarded with success.   The former decree of this court was intended to fix the liability of the trustees at the sum which they had substantially agreed to be the value of the property when they took it.

We do not know of any reason why we should take a different view of the case, and we must, therefore, sustain the auditor upon this branch of the case.   On the same grounds we conclude that the report need not again be returned to the auditor for the purpose of taking proofs as to the price actually realized for the property when the sale eventually occurred. That is quite immaterial if we are right in the views already expressed.

The second question involves the right of Payne and Wetter to share pro rata in the distribution of the fund as creditors. The auditor allowed them to do so, and his finding upon that head is excepted to by the plaintiff.

In the adjudication originally filed in this case the question was raised, and it was then held that Payne and Wetter would be allowed to share in the distribution like the other creditors. We do not now intend to depart from the conclusion then expressed.   So far as we are aware, there is no ruling upon the question in our own state to guide us, and we are not convinced, by the reasoning in the cases cited from other states, that we were wrong in the first instance.

If the case were one of actual bad faith on the part of those who were held as a matter of law to be trustees, we should have no hesitation in postponing them until all other creditors should be paid in full.   There is, however, nothing in the case which shows any intentional wrongdoing on their part—nothing to indicate that they did not act with full honesty of purpose towards the plaintiff and all other creditors if there were any. What was done was done publicly, without the slightest attempt at concealment.   Nevertheless, for very good legal reasons, the conduct of the transaction involved Payne and Wetter in liability, as trustees, and we so declared.   We do not think

that we are bound to punish them further by holding that, notwithstanding they had no bad motives, and did no moral wrong, they must be debarred from the fund under distribution until all other creditors are paid. Such a penalty would be disproportionate to the nature and gravity of their action. The argument put forward, on behalf of the plaintiff, that such a disposition of the question would enable an experiment to be tried to obtain a preference without injury, if the experiment failed, does not apply with force to the case in our judgment. The making of such an experiment would, of itself, exhibit the intention to do a wrong, which could properly be visited by a postponement of the claim which the creditor attempted to prefer. An honest mistake, however, ought, we think, to be allowed to pass without such a serious result. In this particular case the trustees have, it must be presumed, in the expenses of litigation and in the depreciation of the value of the property, which was the bone of contention, suffered a penalty fully adequate to meet the demerits of their conduct. We, therefore, must also sustain the auditor in his finding upon the second question which we have discussed.

The exceptions to the supplemental report of the auditor are dismissed, and the report is confirmed.

*Error assigned* was the decree of the court.

*Reynolds D. Brown*, with him *Malcolm Lloyd, Jr.*, and *Charles H. Burr, Jr.*, for Myron F. Hill.

*Edward A. Magill*, for George F. Payne & Company.

PER CURIAM, May 16, 1904:

These are cross appeals from the same decree. Both are dismissed and the decree is affirmed on the opinion of the learned judge below.